UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

FLORENCE ASSOCIATES, L.P., a
California Limited Partnership,

    Plaintiff,

v.

MIRIAM KASTIL, an individual; THE
ESTATE OF MIRIAM KASTIL;
DOUGLAS KASTIL, an individual; and,
SWEET WILLIAM, LTD.  a/k/a SWEET
WILLIAM CAFÉ AND BAKERY, a
Michigan limited liability corporation,

    Defendants.
_____/

Case No.: 1:14-CV-00191-RJJ

Jack Russo (California Bar No. 96068)
Computerlaw Group LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com

Bill Howard (Michigan Bar No. P36886)
Howard Law Group
25 Ionia Ave SW Ste 230
Grand Rapids, MI 49503
Facsimile: (616) 235-6061
E-mail: bhoward@howardlawgr.com

Attorneys for Plaintiff
FLORENCE ASSOCIATES, L.P.

_____

**PLAINTIFF'S NOTICE OF INTENT TO FILE AMENDED COMPLAINT IN LIEU OF
OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

1

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure, rule 15, Plaintiff will be filing an Amended Complaint on or before October 21, 2014, the date currently set for the hearing on Defendants' Motion for Partial Summary Judgment (Dkt. 16). The Amended Complaint will assert new claims against the Defendants as well as supplement the factual background necessary to support these claims. Further, the Amended Complaint will address certain matters raised by Defendants in the pending Motion for Partial Summary Judgment. Plaintiff respectfully requests that in light of this Notice, Defendants' Motion for Partial Summary Judgment be denied as moot and the hearing be taken off calendar.

I.     <u>PLAINTIFF'S FILING OF AN AMENDED COMPLAINT IS WARRANTED.</u>

Federal Rules of Civil Procedure, rule 15 provides that a plaintiff has a right to amend the complaint once as a matter of course at any time before a responsive pleading is served. Fed R. Civ. P. 15(a)(1)(B). While Defendants served and filed their Motion for Partial Summary Judgment on August 14, 2014, they have not yet served an answer to the Complaint. It is well established that a motion for summary judgment cannot not be considered a responsive pleading for purposes of Rule 15. *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 569 (6th Cir. 2003). "The term 'responsive pleading' is defined by reference to Fed. R. Civ. P. 7(a), which distinguishes between pleadings and motions, and provides an exclusive list of pleadings: a complaint (including a third party complaint), an answer to a complaint or a cross-claim, and a reply to a counterclaim." *Id.* Because Defendants have not served an answer to the Complaint, and the Motion for Partial Summary Judgment is not considered a responsive pleading under Rule 15, Plaintiff is within its rights to amend the pleadings at this time.

.

**II.     DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE DENIED AS MOOT AND THE HEARING SHOULD BE TAKEN OFF CALENDAR.**

This Court has held that the filing of an amended complaint necessarily supersedes the original complaint, which then becomes a nullity. *Barnes v. Birds Eye Foods LLC,* 2010 U.S. Dist. LEXIS 69579 at *3 (W.D. Mich. 2010). As such, "an amended complaint filed after a motion [for summary judgment] has been filed renders the motion [for summary judgment] moot." *Id.* Accordingly, because Defendants' Motion for Partial Summary Judgment is in response to Plaintiff's original complaint, which will be rendered moot by the filing of the Amended Complaint, and because Plaintiff will be filing the Amended Complaint on or before October 12, 2014, the pending Motion for Summary Judgment should be denied as moot and the hearing should be taken off calendar.

                                              Respectfully submitted,

                                              COMPUTERLAW GROUP LLP

Dated: September 15, 2014           By:    /s/ Jack Russo
                                                            Jack Russo